UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 05-128-HRW

TOMMY JORDAN,                                             PLAINTIFF,

v.              **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,         DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for a disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for a disability insurance benefits on August 21, 2000 alleging disability beginning on January 13, 2000, due to residuals from a right hand injury (Tr. 12). This application was denied initially and on reconsideration. On June 5, 2001, an administrative hearing was conducted by Administrative Law Judge Andrew Chwalibog (hereinafter "ALJ"),

wherein Plaintiff, accompanied by counsel, testified (Tr. 29-48). At the hearing, Julie Morrissey, a vocational expert (hereinafter "VE"), also testified (Tr. 48-55).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On March 9, 2002, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 11-16). Plaintiff was 44 years old at the time of the hearing decision (Tr. 12). He has a eighth grade education (Tr. 12). His past relevant work

2

experience consists of work as a mechanic (Tr. 12).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 15). The ALJ then determined, at Step 2, that Plaintiff suffered from right hand pathology and cervical radiculitis, which he found to be "severe" within the meaning of the Regulations (Tr. 13). At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 15). The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 16) but determined that he has the following residual functional capacity ("RFC"):

> [n]ever climb ladders, ropes and scaffolds; occasionally crawl, only occasionally use right upper extremity for hand controls, reaching or gross manipulation; fine finger manipulation is limited and he cannot perform work requiring the use of vibratory tools.

(Tr. 16).

Based upon this RFC, the ALJ, relying upon testimony of the VE, concluded that the Plaintiff could perform the full range of light work, such as security monitor or small machine tender (Tr. 15). The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 15). Accordingly, the ALJ found Plaintiff not to be

3

disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on July 6, 2002 (Tr. 4-5).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 11] and this matter is ripe for decision.

### III. ANALYSIS

#### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the

Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ failed to properly address his credibility, (2) the ALJ failed to expressly state that his right hand impairment is severe and (3) the ALJ did not properly consider his treating physician, Dr. Kutz', statement that Plaintiff was disabled due to nerve compression in both hands.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ failed to properly address his credibility.

Upon review of an ALJ's decision, this Court is to accord the ALJ's determinations of credibility great weight and deference as the ALJ has the opportunity of observing a witness' demeanor while testifying. *Walters v. Commissioner of Social Security*, 127 F.3d 525, 528 (6th Cir. 1997). Again, this Court's evaluation is limited to assessing whether the ALJ's conclusions are supported by substantial evidence on the whole record.

5

In this case, the ALJ found the claimant's credibility to be generally "good" (Tr. 14). Yet, Plaintiff maintains that the ALJ relied upon "sit and squirm" jurisprudence. The Court is not persuaded. In assessing the Plaintiff's credibility, the ALJ discussed, in detail, the supporting medical evidence and the testimony of the Plaintff. The ALJ even specifically endorsed the evaluation of Plaintiff's treating physician, Dr. Kutz who opined that Plaintiff could engage in light work activity. There is simply nothing in the ALJ's decision or the record which supports Plaintiff's argument. The Court finds that the ALJ's assessment of Plaintiff's credibility is supported by substantial evidence on the record.

Plaintiff's second claim of error is that that the ALJ failed to expressly state that his right hand impairment is severe. The Court is perplexed by this argument as on the third page of his decision, the ALJ states "the claimant has right hand pathology and cervical radiculitis, impairments that are *severe* within the meaning of the Regulations . . . ." (Tr. 13)(emphasis added). If Plaintiff's only quibble is that this precise language was not reiterated in the ALJ's "Findings" but that he merely referred to the existence of severe impairment without listing each one, Plaintiff's argument falls short. In addition to the language quoted above, it is abundantly clear from the text of the decision that the ALJ regarded Plaintiff's hand impairment to be severe and found that certain restrictions resulted

6

therefrom. The Court finds no error in this regard.

Finally, Plaintiff contends that the ALJ did not properly consider his treating physician, Dr. Kutz' note of July 17, 2004 wherein Dr. Kutz opines that "this patient remains totally disabled from peripheral nerve compression involving his hands" (Tr. 234).

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). Such opinions receive deference only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

The Court finds that the ALJ did not err in discounting or disregarding this remark. It is within the province of the ALJ to make the legal determination of disability. The ALJ is not bound by a treating physician's conclusory statement, particularly where the ALJ determines, as he did in this case, where these is medical proof that Plaintiff retains the RFC to work in some capacity other than his past work. *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

7

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This ___/7___ day of April, 2006.

_____
Henry R. Wilhoit, Jr., Senior Judge